**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JIBRIL LUQMAN IBRAHIM | : |
| Plaintiff | : |
| v | :   Civil Action No.: RDB-03-3402 |
| UNITED STATES PAROLE BOARD MEMBERS | : |
| Defendants | : |

. . . . . .o0o. . . . . .

**<u>MEMORANDUM OPINION</u>**

Pending in the above-captioned case is Plaintiff's Motion for Relief from Judgment pursuant to Fed. Rule Civ. Proc. 60(b) (Paper No. 20) and Defendants' Response in Opposition to the motion (Paper No. 23).[1]  This civil rights action was terminated on June 10, 2004, when this court granted Defendants' Motion to Dismiss.  (Papers No. 18 and 19).   No appeal was noted following the dismissal of the claims raised.

Under Rule 60(b), this court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff asserts entitlement to relief from the final judgment in this case based on Rule 60(b)(6). (Paper No. 20).  Specifically, he asserts that "this court failed to resolve the question of

---

[1] Also pending is Defendants' Motion for Extension of Time in which to file the response (Paper No. 21), which shall be granted.

whether the failure to seek approval from the Justice Department to represent the Parole Board in their individual capacities . . . barred defendants from raising res judicata as a defense." (*Id*. at p. 2). In addition, Plaintiff takes issue with the substance of this court's decision granting the motion to dismiss. *Id*. Plaintiff does not offer any explanation regarding his failure to file either a motion to alter or amend or a timely notice of appeal.

Plaintiff is simply taking this opportunity to again argue his position that res judicata should not have been a bar to the claims raised. The allegations raised are appropriate for appeal, but state no basis for relief under Rule 60(b), which may not be used as a vehicle to resurrect a lost opportunity to file a direct appeal. *See Dowell v. State Farm Fire & Casualty Co.*, 993 F. 2d 46, 48 (4th Cir. 1993) (Rule 60(b) is not a substitute for timely appeal). The instant motion, filed more than one year after this case was dismissed, states no basis upon which the extraordinary relief sought may be granted. *See Ackermann v. United States*, 340 U.S. 193, 198 (1950) (extraordinary circumstances do not include regrettable decision not to appeal).

A separate order denying the motion follows.

Date: October 14, 2005                              /s/
                                        _____
                                                        RICHARD D. BENNETT
                                                  UNITED STATES DISTRICT JUDGE