# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JIBRIL LUQMAN IBRAHIM | : | |
| Plaintiff | : | |
| v | : | Civil Action No.: RDB-03-3402 |
| UNITED STATES PAROLE BOARD MEMBERS | : | |
| Defendants | : | |

. . . . . .o0o. . . . . .

## MEMORANDUM OPINION

This civil rights action was terminated on June 10, 2004, when this Court granted Defendants' Motion to Dismiss. (Papers No. 18 and 19). On August 22, 2005, Plaintiff filed a Motion for Relief from Judgment (Paper No. 20), which was subsequently denied on October 14, 2005. (Paper Nos. 26 and 27). Thereafter Petitioner noted an appeal. (Paper No. 28). The judgment of this court was affirmed by the Fourth Circuit Court of Appeals on March 31, 2006. (Paper No. 30). Now pending is Plaintiff's second Motion for Relief from Judgment pursuant to Fed. Rule Civ. Proc. 60(b) received by this Court on August 18, 2006. (Paper No. 33).

Under Rule 60(b), this Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff asserts entitlement to relief from the final judgment in this case because he believes

that this Court erred in finding his claims barred by the doctrine of *res judicata*. (Paper No. 33). Plaintiff is once again taking this opportunity to re- argue his position that *res judicata* should not have been a bar to the claims raised. As Plaintiff was previously advised, the allegations raised are appropriate for appeal, but do not state a basis for relief under Rule 60(b). Where the motion is nothing more than a request that the district court change its mind, it is not authorized by Rule 60(b). *See generally* 11 C. Wright & A. Miller, § 2858. The instant motion states no basis upon which the extraordinary relief sought may be granted.

    A separate order denying the motion follows.


September 12, 2006                        /s/
Date                                          RICHARD D. BENNETT
                                                UNITED STATES DISTRICT JUDGE